UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00716-FDW-DSC

| | |
|---|---|
| THOMAS E. PEREZ, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | )    DEFAULT JUDGMENT |
| MICHAEL OMSETEAD SMITH, AWARE ENVIRONMENTAL, INC., and AWARE ENVIRONMENTAL, INC. 401(k) PROFIT SHARING PLAN & TRUST, | ) |
|     Defendants. | ) |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 9). Upon Plaintiff's Motion for Default Final Judgment and considering the entry of Clerk's Default filed on July 2, 2014, Defendants Michael Omstead Smith, Aware Environmental, Inc., and Aware Environmental, Inc. 401(k) Profit Sharing Plan & Trust's and failure and refusal to plead or otherwise defend, the affidavit filed by Plaintiff in support of said Motion, and the Court being otherwise fully advised:

WHEREFORE, it is hereby ordered, adjudged, and decreed that,

A. The Secretary's motion for default judgment (Doc. No. 9) is GRANTED;

B. Defendants Smith and Aware Environmental, Inc. are hereby enjoined from violating the provisions of Title I of ERISA;

C. Defendants Aware Environmental, Inc. and Michael Olmstead Smith are hereby permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

D. Defendants Aware Environmental, Inc. and Smith shall make restitution and restore all

1

losses to the Aware Environmental 401(K) Profit Sharing Plan (the "Plan"). The restitution shall be in the amount of $37,082.12 for un-remitted contributions, unremitted participate loan repayments and lost earnings and interest through September 3, 2015.

E. The Plan shall set off the individual Plan account of Defendant Smith against this amount of losses, including lost opportunity costs, resulting from his fiduciary breaches and/or against the amount of fees required by the Independent Fiduciary, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses/fees are not otherwise restored to the Plan by the Defendants.

F. Defendants Aware Environmental, Inc. and Smith are removed from any position held as a named or functional fiduciary to the Plan.

G. AMI Benefit Plan Administrators, Inc., 100 Terra Bella Drive, Youngstown, Ohio 44505, is hereby appointed as successor fiduciary for the Plan; and

    1. The successor fiduciary shall terminate the Plan and distribute the Plans' assets;

    2. The successor fiduciary shall have all the rights, duties and responsibilities of any fiduciary or trustee described under the Plans' documents or the applicable law, with respect to the successor fiduciary's duties;

    3. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law; and

    4. The successor fiduciary shall be entitled to receive $2,665.00 as reasonable fees and expenses for his or her services, payable from the assets of the Plan. Defendants shall be responsible for reimbursing the Plan for the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Plan.

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed: April 1, 2016

Frank D. Whitney
Chief United States District Judge